United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOVELAND INDUSTRIES, INC. d/b/a UAP WEST, a Colorado corporation,<br><br>Plaintiff,<br><br>v.<br><br>WILBUR-ELLIS COMPANY, a California corporation; DOUGLAS SNYDE, an individual; WILLIAM FRANCIS, an individual; ARMON AZEVEDO, an individual; and DOES 1 through 20, inclusive,<br><br>Defendants. | No. C 05-0840-SC<br><br>ORDER AFFIRMING AND CLARIFYING THIS COURT'S APRIL 22, 2005 ORDER AND GRANTING PLAINTIFF'S MOTION FOR A <u>PROTECTIVE ORDER</u> |

**I.   Introduction**

Plaintiff Loveland Industries, Inc. d/b/a UAP West ("Plaintiff" or "Loveland") brings this action alleging, among other things, misappropriation of trade secrets against three former employees and their present employer, Wilbur-Ellis Company (collectively, "Defendants").  Plaintiff has also filed Motions for a Temporary Restraining Order and Preliminary Injunction, which are now set to be heard before this Court on May 19, 2005. Presently before this Court are various discovery and pre-discovery related motions filed by both parties, the resolution of which are necessary prior to the TRO/Preliminary Injunction

Hearing. Accordingly, and for the reasons discussed herein, the Court affirms its previous Order granting Defendants' motion to compel Plaintiff to disclose with specificity the trade secrets allegedly misappropriated in compliance with California CCP § 2019(d). Further, the Court adopts Plaintiff's proposed Protective Order, provided it is altered in compliance with this Order. Finally, the Court denies Defendants' motion to unseal the Castellon Declaration, and orders both parties to proceed with discovery in accordance with the Federal and local rules.

**II.  Procedural Background**

Plaintiff filed this action on February 28, 2005. Plaintiff's complaint alleges, among other things, that Defendants misappropriated Plaintiff's trade secrets in violation of California Civil Code § 3426, that Defendants violated the Computer Fraud and Abuse Act, 18 U.S.C. §§ 1030, *et seq.*, and that Defendants violated various aspects of the California Business & Professions Code § 17200. On March 31, 2005, Plaintiff moved this Court to issue a Temporary Restraining Order and set a hearing on a Preliminary Injunction. The Court set a hearing on the TRO and both parties appeared before this Court on April 8, 2005. At the hearing, the Court ordered Plaintiff to provide Defendants with information specifying the trade secrets Plaintiff believed to be misappropriated, and to make available to Defendant any materials Plaintiff filed under seal. Both parties agreed to continue the hearing on the TRO and Preliminary Injunction to May 9, 2005.

On April 15, 2005, Plaintiff filed an ex parte application

2

1  for a Protective Order, and also sought the Court's permission to
2  file a declaration ("Castellon Declaration") under seal.  Because
3  the Court was not ready to issue a protective order until it had a
4  chance to hear from Defendants, the Court allowed Plaintiff to
5  file the Castellon Declaration under seal, subject to the Court's
6  standing order that all sealed evidence be made available to
7  Defendants' counsel.  On April 18, 2005, Defendants filed an
8  Opposition to Plaintiff's Motion for a Protective Order, and a
9  Motion for Administrative Relief to Unseal the Castellon
10 Declaration.  Defendants attached to these motions Defendants' own
11 suggested Protective Order.  On April 20, 2005, Defendants filed
12 another round of motions, seeking Orders from the Court compelling
13 Discovery responses and Plaintiff's CCP 2019(d) Disclosure, in
14 addition to an interim Protective Order pending such compliance.
15 This Court issued a brief Order on April 22, 2005, in which it
16 Ordered Plaintiff to produce to Defendants a specification of the
17 alleged "trade secrets" that form the basis of this action, in
18 compliance with California Code of Civil Procedure § 2019(d).
19 Plaintiff filed an opposition to Defendants' pending motions on
20 April 25 as well as a Motion for Reconsideration of the Court's
21 April 22 Order.  Finally, on April 26, 2005, Plaintiff filed a
22 Motion to Compel Defendants to produce certain computer property
23 in Defendants' possession, to which Defendants object.
24 //////
25 /////
26 /////
27 ///
28

1  **III. Legal Standards**

2  A.   Motion to Compel

3  In general, parties may obtain discovery regarding any
4  matter, not privileged, that is relevant to a claim or defense of
5  any party.  Fed.R.Civ.P. 26(b)(1).  For good cause, the Court may
6  order discovery of any matter relevant to the subject matter
7  involved in the action.  Id.  A motion to compel a discovery
8  response is appropriate when a party disobeys a proper request by
9  refusing to produce relevant, nonprivileged discovery.  See
10 Fed.R.Civ.P. 37(a)(2).  The movant must certify that it has in
11 good faith conferred or attempted to confer with the party failing
12 to make discovery in an effort to secure information or material
13 without court action.  See id.

14 B.   Protective Order

15 "It is well-established that the fruits of pretrial discovery
16 are, in the absence of a court order to the contrary,
17 presumptively public."  Philips v. Gen. Motors, 307 F.3d 1206,
18 1210 (9th Cir. 2002).  When a party makes a motion asserting good
19 cause for a protective order pursuant to Rule 26(c), "the court in
20 which the action is pending may make any order which justice
21 requires to protect a party or person from annoyance,
22 embarrassment, oppression, or undue expense or burden including
23 ... that a trade secret or other confidential research,
24 development, or commercial information not be revealed or be
25 revealed only in a designated way."  Fed. R. Civ. P. 26(c).  Under
26 Rule 26(c), "the party asserting good cause bears the burden, for
27 each particular document it seeks to protect, of showing that

4

specific prejudice or harm will result if no protective order is granted." <u>Foltz v. State Farm Mut. Aut. Ins. Co.</u>, 331 F.3d 1122, 1130 (9th Cir. 2003)(citations omitted).  "Where a business is the party seeking protection, it will have to show that disclosure would cause significant harm to its competitive and financial position.  That showing requires specific demonstrations of fact, supported where possible by affidavits and concrete examples, rather than broad, conclusory allegations of harm." <u>Deford v. Schmid Prods. Co.</u>, 120 F.R.D. 647, 653 (D. Md. 1987).  "[B]road allegations of harm, unsubstantiated by specific examples of articulated reasoning do not satisfy the Rule 26(c) test." <u>Beckman Indus., Inc. v. Int'l Ins. Co.</u>, 966 F.2d 470, 476 (9th Cir. 1992).  If the Court finds that Plaintiffs have met their burden to show particularized harm will result from disclosure of the information to the public, the court must then balance the public and private interests to decide whether protection is warranted.[1]  <u>Phillips</u>, 307 F.3d at 1211.  A judge has broad discretion "to decide when a protective order is appropriate and what degree of protection is required."  <u>Id.</u>

---

[1] In balancing the public and private interests, courts have looked to the following factors:  (1) whether disclosure will violate any privacy interests; (2) whether the information is being sought for a legitimate purpose or for an improper purpose; (3) whether disclosure of the information will cause a party embarrassment; (4) whether confidentiality is being sought over information important to public health and safety; (5) whether the sharing of information among litigants will promote fairness and efficiency; (6) whether a party benefitting from the order of confidentiality is a public entity or official; and (7) whether the case involves issues important to the public.  <u>Glenmede Trust Co. v. Thompson</u>, 56 F.3d 476, 483 (3d Cir. 1995), <u>cited with approval in Phillips</u>, 307 F.3d at 1211-12.

5

**IV. Discussion**

To resolve the parties dispute prior to the hearing on the TRO, the Court must consider both parties' requests for Protective Orders and various motions to compel. For the reasons discussed below, this Court finds that Plaintiff must be compelled to identify its trade secrets with a higher level of specificity prior to the commencement of discovery. To guard against improper use of this information, this Court also finds that Plaintiff is entitled to a Protective Order.

A. <u>CCP 2019(d)</u>

On May 9, 2005, the Plaintiff will appear before this Court to argue that Defendants must be enjoined from further use, disclosure or dissemination of trade secrets wrongfully taken from Plaintiff. In order for this Court to consider Plaintiff's position, and indeed, in order for Defendants to defend against it, Plaintiffs must first reveal to its opponents and the Court which of its trade secrets are implicated. California law requires as much. Section 2019(d) of the California Code of Civil Procedure states:

> In any action alleging the misappropriation of a trade secret under the Uniform Trade Secrets Act (Title 5 (commencing with Section 3426) of Part 1 of Division 4 of the Civil Code), before commencing discovery relating to the trade secret, the party alleging the misappropriation shall identify the trade secret with reasonable particularity subject to any orders that may be appropriate under Section § 3426.5 of the Civil Code.

Cal. Civ. Code § 2019(d). Section 3426.5 allows the court to issue a protective order to ensure the confidentiality of Plaintiff's trade secret identification. One Federal court found

6

1  that CCP § 2019(d) "promotes well-investigated claims, frames the
2  appropriate scope of discovery, prevents needless discovery
3  disputes, and enables defendants to form complete and well-
4  reasoned defenses." Computer Economics, Inc. v. Gartner Group,
5  Inc., 50 F. Supp. 2d 980, 992 (S.D. Cal. 1999). Moreover, CCP §
6  2019(d) "harmoniously coexists with various provisions of [Federal
7  Rule of Civil Procedure] 26 and enhances the court's ability to
8  control discovery in trade secret cases." Id.

9  Plaintiff argues that it has already complied with the
10 requirements of CCP § 2019(d) by delivering to Defendants a
11 document describing certain computer files allegedly taken by
12 Defendants from Plaintiff's place of business. Defendant urges
13 this Court to require Plaintiff to specify how the information
14 contained in these files differs from publicly available
15 information.

16 This Court finds that Plaintiff has not yet specified its
17 trade secrets with reasonable particularity. To the Court's
18 knowledge, Plaintiff attempted to meet its 2019(d) obligations
19 through a single document describing various computer files.
20 Although the threshold requirements of section 2019(d) are
21 minimal, more is required of Plaintiff than a description of
22 various computer files. See Excelligence Learning Corp. v.
23 Oriental Trading Co., 2004 WL 2452834 *4 (N.D. Cal. 2004). In
24 essence, what section 2019(d) requires is that Plaintiff inform
25 Defendants of the proprietary information that differs from other
26 publicly available information or data commonly known to those in
27 the trade. Plaintiff may meet its burden by demonstrating where

7

certain data was developed exclusively by Plaintiff for the benefit of its business, how such data is materially different from other publicly available data or data commonly known in the trade, and how Plaintiff sought to keep that information confidential.

Once Plaintiff has met the requirements of section 2019(d), Defendant may not continue to postpone discovery by making various objections to the merits of Plaintiff's trade secrets claims. Whether information provided to the government or to third parties renders potential trade secrets non-confidential are issues to be determined at a later stage of this litigation. For the purposes of discovery, Plaintiff need only comply in good faith with the "threshold requirements of Section 2019(d) for the purposes of commencing discovery." Excelligence Learning, 2004 WL 2452834 at *4.

B.   Protective Order

As noted above, when a party is required to make a section 2019(d) disclosure, that party is entitled to an order from the Court protecting its confidential information. "[I]ssuance of a protective order is essential to ensuring that a plaintiff who complies with CCP § 2019(d) can prevent inadvertent disclosure of its trade secrets. In federal court, a plaintiff may alleviate its legitimate concerns that its trade secrets will be disclosed to third parties by applying for a protective order under Rule 26(c)(7) before it complies with CCP § 2019(d)." Computer Economics, Inc. v. Gartner Group, Inc., 50 F. Supp. 2d 980, 988-89

(S.D. Cal. 1999).

To this point, the parties have been unable to agree to a stipulated protective order. On the one hand, Plaintiff insists on having the option of being able to designate material "For Attorneys' Eyes Only" to prevent the individual Defendants from controlling and using this information in their capacity as employees of one of Plaintiff's competitors. Defendants object that the individual Defendants should be able to work with their attorneys to identify and evaluate the material produced, and should have access to all information--even that designated "Attorneys' Eyes Only."[2] This Court agrees that the individual defendants should be able to view all of the material produced in this action against them.

Plaintiff, however, is entitled to a significant level of protection from having proprietary information used by either its former employees or by its competitors. Therefore, this Court orders the parties to make the following change to Plaintiff's Proposed Protective Order: the designation "Highly Confidential--Attorney's Eyes Only" shall be deleted. Instead, the Protective Order shall allow two levels of designation: 1) "Highly Confidential" and 2) "Confidential." Under either designation, Defendants may provide the named Defendants in this action with

---

[2] Defendants have submitted a Proposed Protective Order to this Court that, in addition to differing from Plaintiff's Proposed Protective Order on the levels of designation, also includes substantive language defining trade secrets. See, e.g., Weil Decl., Ex. L, ¶ 5.1. The Court observes that this language goes to the merits of this dispute and is clearly beyond the scope of the protective order; it will not be included.

9

copies of the disclosed information.  At all times, the named Defendants will be subject to contempt for <u>any</u> misuse or disclosure of the protected information.

**V.  Conclusion**

This Court HEREBY GRANTS Plaintiff's Motion for a Protective Order.  Plaintiff is directed to make changes to its Proposed Protective Order in accordance with the discussion above, and submit a copy to the Court for approval within 2 days of the date of this Order.  Moreover, and also in accordance with the foregoing, this Court HEREBY ORDERS Plaintiff to describe with greater particularity the trade secrets it seeks to protect through this action.  Plaintiff should submit such information to the Court and to Defendants on the day following this Court's approval of its Protective Order.  Parties are ORDERED to appear before the Court on May 19, 2005 at 10:00 a.m. for hearing on Plaintiff's Motion for TRO and Preliminary Injunction.

**IT IS SO ORDERED.**

Dated:  May 6, 2005

                                              /s/ Samuel Conti
                                     UNITED STATES DISTRICT JUDGE